# KING v UNITED SERVICES AUTOMOBILE ASSOCIATION
## Case No. 89-219 AP
Eleventh Judicial Circuit, Dade County
October 25, 1990

### APPEARANCES OF COUNSEL

**Dennis G. King, P.A.,** for appellant.
**Charles F. Atwood, III, Esquire,** for appellee.

Before BARAD, KORNBLUM, DAVIS, JJ.

### OPINION OF THE COURT

PER CURIAM.

The Appellant, King, sustained damages as a result of a motor

vehicle accident caused by the negligence of an employee of the Dade County School Board (DCSB).

His collision carrier, United Services Auto Association (USAA), paid King $2,747.82 for damages to his vehicle on February 1, 1985. The DCSB paid King $2,502.50 on February 27, 1985, without designating what the sum was for.

King contends that the sum paid by DCSB was partially for damages other than the collision damages.

King retained both the money from USAA and the money from DCSB. He then invited USAA to join in an action against the DCSB, which it declined.

King filed suit against DCSB in which the trial court entered a Summary Judgment defining his damages and subtracting the money previously paid.

USAA attempted to intervene to protect its interest in any recovery from DCSB. When intervention was denied, USAA filed suit against King and the actions were consolidated. A Summary Judgment was entered in favor of USAA. By said Summary Judgment, USAA was to receive $2,502.50 plus $245.21 less an attorneys fee for King, which was later to be determined by the Court. In its Final Judgment, the trial court made no provision, however, for such fees. This appeal ensued.

King complains that the trial court erred in not awarding $3,750.00 to him as attorneys fees in connection with the prosecution of the action against DCSB.

King in this appeal relied on *Forsyth v Southern Bell Telephone and Telegraph Co.,* 162 So.2d 916 (Fla. 1st DCA 1964). USAA also relied on *Forsyth* in the trial court. USAA, however, has not favored us with a brief here.

The facts here can be distinguished from those in *Forsyth (Supra).* In *Forsyth* the carrier made no attempt to legally enforce its subrogation rights and *Forsyth* was obligated by his agreement with his carrier to prosecute the action against the tort-feasor.

The Judgment appealed from is affirmed except that this cause is remanded to the trial court to determine fees, if any provided for in paragraph two (2) of the Summary Judgment dated September 27, 1988.

AFFIRMED in part, REVERSED in part.